## GRAY, *et al.* v. DENNIS

1. The act of the Legislature which confers upon Judges of the County Court within their respective counties, power concurrent with the Judges of the Circuit Court, to grant writs of *certiorari* and *supersedeas*, does not authorise a Judge of the former Court to supersede an execution issued by a justice of the peace, unless the *supersedeas* issue as ancillary to a *certiorari* which removes the cause from the justice, for a trial *de novo*.

This cause comes here by writ of error from the Circuit Court of Autauga.

THE plaintiffs by their petition, addressed to the Judge of the County Court of Autauga, stated, that an execution had been issued against them by William Price, a justice of the peace of that county, for the sum of thirty-six dollars and forty cents, besides costs; which execution appeared upon its face to be founded on a judgment rendered by James H. Gorman, a justice of the peace of the same county. The plaintiffs further stated, that Gorman was still in office, in possession of all the papers and entries pertaining to the case in which the judgment was rendered; notwithstanding, all which, Price had issued the execution returnable before himself. The petition then concludes with a prayer that a *certiorari* may issue to remove the proceedings into the County Court, and in the meantime the execution be superseded. An order was made in conformity to the prayer of the petition, and a *certiorari* directed

to Price, who certified two executions issued on the judgment, one by Gorman, on the 2d April, 1839, the other (the execution complained of,) by himself, on the 28th August, 1839.

At the return term of the *certiorari*, the County Court, on the motion of the defendant, dismissed the petition of the plaintiff and all proceedings consequent thereupon, on the ground that all the papers of the justice had not been sent up. To revise the judgment of the County Court, a writ of error was sued to the Circuit Court and the same there affirmed; and it is that judgment of affirmance which is here sought to be reversed.

Pope, for the plaintiff in error.
Pryor, for the defendant.

COLLIER, C. J.—The petition of the plaintiffs to the Judge of the County Court, doubtless proceeds upon the idea, that the statute which declares "the Judges of the County Courts within their respective counties shall have full power, concurrent with the Judges of the Circuit Courts to grant writs of *certiorari* and *supersedeas*" &c. extends so far as to authorise the former Court to supersede an execution, issued by a justice of the peace. This question came directly before the Court, in Boyd v. Woodfin, 3 Stewart's Rep. 357. And it was there said, although the law authorizes the Judge of the County Court to issue writs of *certiorari* and *supersedeas*, it is only for the purpose of removing a cause from a justice's jurisdiction, in order that the party complaining may have a trial *de novo*. The statute confers no authority, other than that of a trial upon the merits, and the statute which gives the County Court authority to supersede its own executions, cannot be extended to executions issued by justices of the peace. And in Wheelock v. Wright, 4 Stew. and Por. Rep. 163, it was decided that a petition for a *certiorari*, which relies upon matters occuring subsequent to the judgment by a justice of the peace, ought not to be granted, and if granted should be dismissed: see also Bobo and Johnson v. Thompson, 3 Stew. and Por. Rep. 385.

The case made by the plaintiffs is nothing more than an objection to an execution, because it was issued by a justice of the peace who did not render the judgment, while no objection is made to the judgment itself. It was then an application to the

County Court to supersede the execution, and the cases cited are decisive to show, that the plaintiffs petition should not have been entertained. The County Court, did not, it is true, repudiate the case for the reasons we have stated to show its want of jurisdiction, but its conclusion being correct, we will not undertake to scan the reasoning by which it was attained.

The judgment of the Circuit Court must be affirmed.